UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TAMARA JO SKINNER,

       Plaintiff,

v.

       CASE No. 2:23-CV-155

COMMISSIONER OF SOCIAL SECURITY,

       HON. ROBERT J. JONKER

       Defendant.
_____/

## ORDER REGARDING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation in this matter (ECF No. 15) and Plaintiff's Objection to it (ECF No. 16). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . as a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 Wright, Miller & Marcus, Federal Practice and Procedure § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends affirming the Commissioner's decision on the basis that the ALJ's decision is supported by substantial evidence. The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself;

and Plaintiff's Objection to it. After its review, the Court respectfully disagrees with the Magistrate Judge and remands this matter for further proceedings.

The ALJ determined that Plaintiff retained the RFC to do light work, subject to certain additional exertional limitations. There were no non-exertional limitations specified. And while Plaintiff alleged she was disabled due to anxiety and PTSD, earlier at Step 2 the ALJ determined that Plaintiff's anxiety was not a severe impairment; and the ALJ did not find any other severe mental impairment at that stage. So, at first blush, perhaps it is not surprising that the ALJ would not include any mental limitations in the RFC having found no severe mental limitation at Step 2. But as the ALJ recognized, the determinations at Step 2 are different than the RFC determination, and the difficulty in this case is the ALJ's consideration, or lack thereof, of the opinions in the record concerning how Plaintiff's anxiety impacted her non-exertional capabilities.

In particular, Plaintiff points to the ALJ's discussion of Bruce Jacobson and Margaret Cappone's July 15, 2021, Psychological Medical Report. The ALJ seemed to find that this report was a mixed bag for Plaintiff. The report's conclusions, the ALJ said, were consistent with a finding of no severe mental impairment at Step 2, particularly as it relates to the Paragraph B criteria. So, the ALJ found this aspect of the opinion to be persuasive. But things were more favorable for Plaintiff with respect to the aspect of the report's determination that Plaintiff's symptoms would not impede or thwart her ability to carry out her cognitive potential or job tasks with her employment history. This portion, the ALJ said, this was speculative and not persuasive. But the ALJ said nothing about the examiners' opinion that Plaintiff was capable of carrying out job tasks that were simple, repetitive and routine in nature. Compounding matters, the ALJ found

2

the opinions of the State agency psychological consultants to be persuasive because they were consistent with each other, and were supported by detailed written explanations. These consultants, however, found the July 15, 2021, medical report, and its determination that Plaintiff was capable of carrying out job tasks that were simple, repetitive and routine in nature to be "persuasive and consistent overall." (ECF No. 5-3, PageID.94; 104). While making these determinations, however the ALJ did not adopt any non-exertional restrictions in the RFC, nor did the ALJ explain his reasons for doing so despite the opinions to the contrary that he found persuasive. On this record, the Court is unable to trace the path of the ALJ's reasoning.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 15) is **REJECTED**.

**IT IS FURTHER ORDERED** that for the reasons discussed above, the Commissioner's decision is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to review the July 15, 2021, medical report's conclusion that Plaintiff is limited to job tasks that are simple, repetitive and routine in nature as it relates to Plaintiff's RFC.

A separate Judgment shall issue.


Dated:      August 28, 2024            /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE