UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

TAMARA S.,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY, et al.,

        Defendant.
_____/

Case No.  2:23-cv-00155

Hon. Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

Plaintiff filed this social security case under 42 U.S.C. § 405(g).  On August 28, 2024, the Court reversed the Commissioner's decision and remanded the matter under sentence four of 42 U.S.C. § 405(g).  (ECF Nos. 17 and 18.)

On November 26, 2024, Counsel for Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requesting fees in the amount of $7,193.25 at an hourly rate of $204.75 for 32 hours of attorney work, and an hourly rate of $112.50 for 5.7 hours of paralegal work.  (ECF No. 19.)

The Commissioner filed a response objecting to the fee request because the Commissioner's position was substantially justified.  (ECF No. 20.)  Alternatively, the Commissioner argues that the requested hourly paralegal rate should be reduced to a rate between $75.00 and $100.00 per hour and that 3 hours of requested paralegal time is not compensable because it should be considered clerical.  (*Id.*, PageID.988-990.)

1

Plaintiff filed a reply. (ECF No. 22.) Plaintiff requests a total increased EAJA award of $8,176.05, to reflect 4.8 hours in attorney time spent responding to the Commissioner's objections. (*Id.*, PageID.998, 1000.)

As an initial matter, three conditions must be met to recover attorney fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances that would warrant a denial of fees. *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014). The "[g]overnment bears the burden of proving that a given position was substantially justified . . . and it discharges that burden by demonstrating that the position had a 'reasonable basis both in law and fact.'" *Id.*, citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "A federal agency's position is substantially justified if it is justified to a degree that would satisfy a reasonable person." *Rojas v. Comm'r of Soc. Sec.*, No. 1:07-cv-1035, 2009 WL 517183, at *2 (W.D. Mich. Dec. 21, 2009) (citing *Pierce*, at 565). The Commissioner's position may be substantially justified even where the ALJ's decision was not supported by substantial evidence at the administrative level. *Id.*

The Commissioner does not dispute that Plaintiff was the prevailing party or that special circumstances exist that warrant the denial of attorney fees. The Commissioner argues that Plaintiff is not entitled to an award of attorney fees because the Commissioner's position was substantially justified. First, the Commissioner argues that the ALJ adopted the expert opinions that the claimant's anxiety was non-severe, and the Commissioner relies upon the analysis in the R. &

2

R. that the ALJ properly evaluated these opinions. (ECF No. 20, PageID.986.) The Commissioner argues that the R. & R. "'lends credence' to finding the Commissioner's decision substantially justified." (*Id*.)

The Court, however, rejected the R. & R. and remanded to the Commissioner with the instruction "to review the July 15, 2021, medical report's conclusion that Plaintiff is limited to job tasks that are simple, repetitive and routine in nature as it relates to Plaintiff's RFC." (ECF No. 17, PageID.940.) The Court explained:

> The ALJ determined that Plaintiff retained the RFC to do light work, subject to certain additional exertional limitations. There were no non-exertional limitations specified. And while Plaintiff alleged she was disabled due to anxiety and PTSD, earlier at Step 2 the ALJ determined that Plaintiff's anxiety was not a severe impairment; and the ALJ did not find any other severe mental impairment at that stage. So, at first blush, perhaps it is not surprising that the ALJ would not include any mental limitations in the RFC having found no severe mental limitation at Step 2. But as the ALJ recognized, the determinations at Step 2 are different than the RFC determination, and the difficulty in this case is the ALJ's consideration, or lack thereof, of the opinions in the record concerning how Plaintiff's anxiety impacted her non-exertional capabilities.
>
> In particular, Plaintiff points to the ALJ's discussion of Bruce Jacobson and Margaret Cappone's July 15, 2021, Psychological Medical Report. The ALJ seemed to find that this report was a mixed bag for Plaintiff. The report's conclusions, the ALJ said, were consistent with a finding of no severe mental impairment at Step 2, particularly as it relates to the Paragraph B criteria. So, the ALJ found this aspect of the opinion to be persuasive. But things were more favorable for Plaintiff with respect to the aspect of the report's determination that Plaintiff's symptoms would not impede or thwart her ability to carry out her cognitive potential or job tasks with her employment history. This portion, the ALJ said, this was speculative and not persuasive. But the ALJ said nothing about the examiners' opinion that Plaintiff was capable of carrying out job tasks that were simple, repetitive and routine in nature. Compounding matters, the ALJ found the opinions of the State agency psychological consultants to be persuasive because they were consistent with each other, and were supported by detailed written explanations. These

3

> consultants, however, found the July 15, 2021, medical report, and its determination that Plaintiff was capable of carrying out job tasks that were simple, repetitive and routine in nature to be persuasive and consistent overall." (ECF No. 5-3, PageID.94; 104). While making these determinations, however the ALJ did not adopt any non-exertional restrictions in the RFC, nor did the ALJ explain his reasons for doing so despite the opinions to the contrary that he found persuasive. On this record, the Court is unable to trace the path of the ALJ's reasoning.

(ECF No. 17, PageID.939-940.)

The Commissioner argues that the Court did not conclude that the evidence weighs in favor of disability or that the ALJ misstated the evidence. (*Id.*, PageID.987-988.) Rather, the Commissioner argues that this was a case where the Court found that it was "unable to trace the path of the ALJ's reasoning." (ECF No. 17, PageID.18.) In such a case, the Commissioner reasons that this Court should follow the decision in *Fish v. Comm'r of Soc. Sec.*, No. 1:18-cv-1257, 2020 WL 6785402 (W.D. Mich. Oct. 26, 2020), *report and recommendation adopted*, 2020 WL 6781481 (W.D. Mich. Nov. 18, 2020). There, the Court explained that the Commissioner's position was substantially justified if the ALJ's error is not one of substance but "one of articulation—or failure to provide a sufficient explanation allowing the court to trace the path of the ALJ's reasoning." *Id.* at *2 (*citing Harrington v. Comm'r of Soc. Sec.*, No. 1:16-cv-898, 2018 WL 4344982, at *1 (W.D. Mich. Sept. 11, 2018).) *Fish* and *Harrington* involved an ALJ's failure to articulate and fully explain reasons for finding that the claimant's subjective allegations lacked credibility. In both cases, remand to the Commissioner was based on procedural error and not because the ALJ lacked evidentiary support for the RFC determination. Ultimately, the question of whether the Commissioner's position was substantially justified is one of

4

reasonableness, and not simply due to a statement that the ALJ's opinion lacked adequate articulation to support the determination. *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244, at *5 (6th Cir. 1999).

In the opinion of the undersigned, the Commissioner's position was justified to a degree that could satisfy a reasonable person. The Court pointed out two issues in rejecting the R. & R. First, that the ALJ failed to consider how Plaintiff's anxiety impacted her non-exertional capabilities. Second, the ALJ failed to consider Bruce Jacobson and Margaret Cappone's opinions and the State agency psychological consultant opinions that she could perform job tasks that were simple, repetitive, and routine in nature. Based upon the Court's finding and the arguments presented, it is the opinion of the undersigned, that the Commissioner's opposition to the appeal was "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565.

It is respectfully recommended that the Court deny Plaintiff's motion for EAJA fees.

Dated: February 28, 2025        /s/ *Maarten Vermaat*
                                MAARTEN VERMAAT
                                U.S. MAGISTRATE JUDGE

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).